IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 6, 2017

**JAVON WEBSTER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 99-03924, 99-03925    Chris Craft, Judge**

———————————————————

**No. W2016-01473-CCA-R3-PC**

———————————————————

Petitioner, Javon Webster, appeals from the post-conviction court's summary dismissal of the post-conviction petition filed approximately twelve years after expiration of the one year statute of limitations for post-conviction petitions. Petitioner alleged facts in his petition which he claims justify tolling of the statute of limitations based upon due process grounds. After review of the record, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Javon Webster, Clifton, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Reggie Henderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In its order dismissing the late filed petition for post-conviction relief, the post-conviction court made the following findings:

> This cause came on to be heard May 31, 2016, on the Petition for Post-conviction Relief filed December 11, 2015, upon preliminary consideration mandated by T.C.A. § 40-30-106, and the record as a whole,

FROM ALL OF WHICH THE COURT FINDS that after having examined the technical record, the Court has determined that the petition was clearly filed more than one year after the last appellate action on petitioner's case, and therefore it plainly appears that the petition has not been filed within the statute of limitations of one year set forth in T.C.A. § 40-30-102, and should be dismissed.

The defendant was indicted for Murder in the Perpetration of Robbery and Especially Aggravated Robbery in Shelby County indictments 98-006751 and 98-06752. The following year, the above-styled superceding [sic] indictments, 99-03924 and 99-03925, were returned charging him with these same offenses, along with four other co-defendants. On April 22, 1999, he was convicted after a trial by jury of Murder First Degree and Criminal Attempt: Especially Aggravated Robbery on indictments 99-03924 and 99-03925. On March 15, 2000 indictments 98-006751 and 98-06752 were nolle prosequied. The Court of Criminal Appeals affirmed his conviction on February 7, 2002, remanding one of the indictments for sentencing on the Criminal Attempt: Especially Aggravated Robbery, finding that this court should not have merged that conviction with the Murder First Degree conviction, but should have sentenced the defendant separately on that conviction. *See State v. Javon Webster*, 81 S.W.3d 244 (Tenn. Crim. App. 2002). After this court sentenced him to a concurrent sentence on the second count, on August 12, 2002, the defendant filed a petition for post-conviction relief on the two original indictments, 98-006751 and 98-06752, which had been nolle prosequied. That petition, styled P-26682, was assigned to trial judge J. C. McLin for handling in Division IX of Criminal Court, and was dismissed by him as filed outside the statute of limitation[s] of one year by order dated October 3, 2002, as those two indictments had been disposed of on March 26, 2000, more than two years prior to the petition's being filed. This court has previously sent the petitioner copies taken from that court jacket, P-26682, of Judge McLin's order denying that petition and of the envelopes used to mail that decision to the defendant and the Office of the Attorney General in October of 2002, showing that he had notice in 2002 of Judge McLin's dismissal. No appeal was ever taken from Judge McLin's order of dismissal, and no additional petition for post-conviction relief was filed for the next 13 years. The petitioner did file a *pro se* petition for writ of certiorari in 2010, however, using the correct indictment numbers, which was denied by the Court of Criminal Appeals. In that opinion, which is attached to this order, Judge

[McMullen] clearly stated that the petitioner "includes a case history for case number 99-03924-25. That case history has no relation to case number 98-06751-52." The petitioner still filed no petition for post-conviction relief for the next 5 years.

The defendant was returned to Shelby County on indictments 99-03924 and 99-03925, and he was re-sentenced by this court on October 1, 2002. No appeal was ever taken from the Court of Criminal Appeals decision affirming his convictions or this court's sentence given him on October 1, 2002, and no petition for post-conviction relief was filed on the Defendant's convictions from the instant indictments, 99-03924 and 99-03925, until the instant petition was filed 13 years later on December 11, 2015.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the above-styled Petition for Post-conviction Relief is hereby dismissed as having been filed outside the statute of limitations of one year.

Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." T.C.A. § 40-30-102(a). Our legislature emphasized the fact that "[t]ime is of the essence of the right to file a petition for post-conviction relief," and provided only three narrow exceptions to the statute of limitations: (1) a new constitutional right with retrospective application; (2) new scientific evidence establishing actual innocence; and (3) the invalidation of convictions underlying an enhanced sentence. T.C.A. § 40-30-102(b).

In this case, indictments 98-006751 and 98-06752 were nolle prosequied on March 15, 2000. Petitioner filed an untimely petition for post-conviction relief on these two indictments on August 12, 2002, more than two years after their dismissal. Likewise on indictments 99-03924 and 99-03925, which were disposed of by the Tennessee Supreme Court on July 1, 2002, Petitioner missed the statute of limitations by filing his petition for post-conviction relief on December 11, 2015, more than thirteen years later. Petitioner in this case does not meet any of the three exceptions to the statute of limitations set forth in T.C.A. § 40-30-102(b), nor does he purport to so qualify.

Likewise petitioner does not qualify for due process tolling. Tennessee courts have recognized that, in certain circumstances, strict application of the statute of

limitations would deny a petitioner the reasonable opportunity to bring a post-conviction claim and that, in these instances, due process requires the tolling of the statute of limitations. In *Whitehead v. State*, our supreme court discussed due process in a post-conviction context. The court identified three scenarios in which due process requires tolling the post-conviction statute of limitations. 402 S.W.3d 615, 623-24 (Tenn. 2013); *see also Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *State v. Nix*, 40 S.W.3d 459 (Tenn. 2001); *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). The first of the three circumstances involves claims for relief that arise after the statute of limitations has expired. *Whitehead*, 402 S.W.3d at 623. The second due process basis for tolling the statute of limitations involves prisoners whose mental incompetence prevents them from complying with the statute's deadline. *Id.* at 624. The third exception is when attorney misconduct necessitates the tolling of the statute of limitations. *Id.*

Elaborating on this third exception, our supreme court concluded that a petition for post-conviction relief is entitled to due process tolling of the statute of limitations based upon the conduct of the petitioner's attorney when (1) the petitioner had been diligently pursuing his or her rights and (2) extraordinary circumstances prevented the timely filing of the petition. *Whitehead*, 402 S.W.3d at 631 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The court clarified that "pursuing his or her right diligently" did "not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts" to pursue the claim. *Id.* (quoting *Downs v. McNeil*, 520 F. 3d 1311, 1323 (11th Cir. 2008)) (internal quotation marks omitted). The second prong is met when a petitioner's attorney of record abandons the petitioner or acts in a way directly adverse to the petitioner's interests, such as by actively lying or otherwise misleading the petitioner to believe things about his or her case that are not true. *Id.* (citations omitted).

"'Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness.'" *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011) (quoting *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010)). As this court has previously explained, "due process serves to toll the post-conviction statute of limitations for petitioners who face circumstances beyond their control . . . which preclude them from actively raising their post-conviction claims." *Crystle D. Rutherford v. State*, No. M2013-01575-CCA-R3-PC, 2014 WL 1669960, at *2 (Tenn. Crim. App., Apr. 25, 2014) (citing *Williams v. State*, 44 S.W.3d 464, 469 (Tenn. 2001)).

Our review of the record shows that Petitioner is not entitled to relief on either due process grounds or pursuant to T.C.A. § 40-30-102(b). Petitioner was not diligent in asserting his claims. Accordingly, we affirm the judgment of the post-conviction court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE